Nash, C. J.
 

 There is no .error in the Judge’s charge. «Guthrie, from whom Ramsay received the money, was the administrator of Lindsay Price, and Ramsay was his surety .on his administration bond. It was delivered to the latter expressly, as the property of the estate of Price, and as .such, was received by the defendant’s intestate. At the dime of his death, the estate of Price owed Guthrie, as he declared, fifty dollars, and upon settlement of the estate, it .would be further indebted to him such commissions as the ■ Court might allow. Guthrie, however, recognised the whole .-amount, not as
 
 due to the
 
 estate of Price, but ns belonging .to it.
 

 The defendant’s first objection to the plaintiff’s recovery, is, that the money was deposited with Ramsay, as an in- • domnity against loss, as surety upon Guthrie’s official bond. ' The contract does not so purport, as proved, nor can we believe such was the intention of the parties. Mr. Guthrie . could not so understand it, for it would have been a fraud upon the estate of Price. The money belonged to Price’s .estate, and could not in the hands of either Guthrie or ■ Ramsay be retained as an indemnity .against .such loss. The ■ direction to pay the money ever when the estate was settled, was in part intended to enable Ramsay to retain, at that time, a sufficiency to discharge the fifty dollar claim. In the contract proved, there is nothing like an ^indemnity. Mr. Guthrie was very ill and did not expect to live, he had in his possession the money in dispute, and . a large note due the estate of his intestate. His language ■ leaves no room for doubt as to Ms meaning: “I have wo
 
 *210
 

 safe place to keep
 
 ttiein," is his declaration; if they are lost, you, as my surety, will hare to make them good. “ I wish you to take charge of them,” as
 
 the proper person
 
 to have possession of them, and it was to secure Ramsay against such loss that they were delivered to him; he was a mere depository.
 

 The second objection is, that the special contract varies from that proved by the witness Harman. We do not think so; substantially they agree, the contract was in parol, and it is not necessary that the declaration should set it out
 
 in hoec verba;
 
 if set forth in substance, it is sufficient. The money was delivered to Ramsay to be paid over to the rep'’ resentative of Price, to whom, after the death of Guthrie, it would belong. But, again, gentlemen of the bar frequently try their cases below, without filing declarations^ v and we are often called on to do the same, and in such cases, we consider the declaration as framed to meet the evidence. But there is a further answer to the objection.
 

 It is insisted that the direction as to the time, when Ramsay was to pay over the money, was a part of the contract. Be it so, then the time has arrived. The plaintiff as admin-inistrator of Price cannot settle until he has collected
 
 the
 
 assets of the intestate, and this money constituted a part of them. If the plaintiff had brought this action upon the administration bond against the defendant, could he, under the circumstances in this case, have resisted a judgment against him ? Could he have been heard to say, it is true, this money belongs to the estate of Price, but I received it from Guthrie, under a promise to pay it to you when the estate is settled ? Certainly not.
 

 The third objection is, that an administrator, being the legal owner of the personal property of his intestate, may pass the title to another person, however fraudulently, and the assignee cannot be held liable at law. It is a sufficient answer, that the case presents no such question. Guthrie
 
 *211
 
 «contemplated no such fraud, he did not pretend to pass-the legal title to Ramsay, nor did Ramsay intend to receive ..such a title ; he received it simply as a bailee.
 

 If A is indebted to B in a hundred dollars, and hands it ■over to C to pay the debt, an action at law accrues to B, who can recover the money from C; this needs no authority.
 

 His Honor was requested to charge the jury, that whether • the money was the property of Price’s estate, or not, if it was placed in the hands of Ramsay as a guarantee, the plaintiff could not recover. This was refused. If the Court had so instructed the Jury, it would have been an error in law, for there was no evidence of any guarantee.
 

 No error appears in the charge of the Court. *
 

 Judgment affirmed/